IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
                                                             : CASE NO. 1:08 CR 510
UNITED STATES OF AMERICA,            :
                                                             :
                                              Plaintiff, : MEMORANDUM OF OPINION AND
                                                              : ORDER GRANTING THE
                  -vs-                         : GOVERNMENT'S MOTION TO DETAIN
                                                              : THE DEFENDANT PENDING
                                                              : SENTENCING AND ORDERING THE
MARK SCHIMLEY,                         : DEFENDANT TO SELF-SURRENDER
                                             Defendant. : TO THE UNITED STATES MARSHALS
------------------------------------------------------    WITHIN 24 HOURS

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On 29 April 2010, the defendant Mark Schimley pled guilty to crimes proscribed under 18 U.S.C. § 2252(a) and 18 U.S.C. § 2252A(a)(5)(B), as charged in the government's two count indictment. (Docs. 1, 39-41). After his plea was entered, the Court heard arguments on the government's motion to detain Mr. Schimley pending sentencing, pursuant to 18 U.S.C. § 3143(a)(2). In this instance, Section 3143(a)(2) mandates an order of detention in the absence of a clear showing of exceptional reasons that would justify release pending sentencing. See 18 U.S.C. § 3145(c); United States v. Christman, 596 F.3d 870 (6th Cir. 2010). Because Mr. Schimley was unable to make such a showing, the government's motion was granted from the bench. (Docs. 39, 41).

      At that time, the Court informed the parties that a written order fully explaining the ruling would be forthcoming, and that until the time of its issuance, Mr. Schimley was to

remain free on bond. (Transcript, p. 38-39). Now, with entry of the promised memorandum of opinion, the Court will hereby order Mr. Schimley to report to the United States Marshals within 24 hours. The Court's reasoning for having granted the government's motion to detain Mr. Schimley pending sentencing is set forth below.

**I. Discussion**

Mr. Schimley was charged with violations of 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252A(a)(5)(B), both of which are considered "crimes of violence" under 18 U.S.C. § 3142(f)(1)(A). As such, upon his plea of guilty to these charges, the Court must order him detained, subject to certain limitations, under 18 U.S.C. § 3143(a)(2).[1] Mr. Schimley maintains, however, that pursuant to a recent ruling of the Sixth Circuit

---

[1] Section 3143(a)(2) is applicable in this instance because the crimes to which Mr. Schimley pled guilty – felonies under Chapter 110 – are considered "crimes of violence" as that term is defined in 18 U.S.C. § 3156. Section 3143(a)(2) mandates an order of detention for a person who has been convicted of such a crime. See 18 U.S.C. § 3156(a)(4)(c); 18 U.S.C. § 3142(f)(1)(A); 18 U.S.C. § 3143(a)(2).

However, section 3143(a)(2) contains an exception to an otherwise mandatory order of detention, where (A) either (i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (ii) the government has recommended that no sentence of imprisonment be imposed on the defendant, *and* (B) the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2).

While Counsel for the defendant intimated at the change of plea hearing that Mr. Schimley might somehow satisfy the elements of this exception under his reading of the statute, defense counsel offered no substantive arguments as to whether there is a substantial likelihood that a motion for acquittal or new trial will be granted, and the government did not recommend that no sentence of imprisonment be imposed. (Change of Plea Transcript, p. 34). Moreover, except for conclusory assertions in his brief in opposition, counsel did not address whether Mr. Schimley poses a flight risk or a danger to the community. (See Doc. 38, pp. 3-5). Therefore, because the issue was not squarely presented on paper or at the hearing, this Memorandum of Opinion focuses on the only issue Mr. Schimley did raise before the Court, which is whether he presented "exceptional reasons" that would justify release pending sentencing pursuant to 18 U.S.C. § 3145(c).

Court of Appeals, this Court has the authority to release him from an otherwise mandatory detention upon a showing of "exceptional reasons" under 18 U.S.C. § 3145(c). See United States v. Christman, 596 F.3d 870 (6th Cir. 2010). In pertinent part, Section 3145(c) provides:

> A person subject to detention pursuant to Section 3143(a)(2) or (b)(2), and who meets the conditions for release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The Sixth Circuit has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing. See Christman, 596 F.3d at 870-71 (simply holding that pursuant to section 3145(c) a district court may release a defendant detained under Section 3143(a)(2) upon a showing of "exceptional reasons"); See also United States v. Cook, 42 Fed. Appx. 803, 804 (6th Cir. 2002)(unpublished)(district judge did not err in holding that cooperation with the government and hardship to family and business associates did not amount to exceptional circumstances). Nor does the statute itself define the parameters of an "exceptional reason." However, the federal courts appear to agree that circumstances must be "out of the ordinary," "uncommon," or "rare." United States v. Koon, 6 F.3d 561, 563 (9th Cir.1993). Exceptional reasons exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991).

In each case, "the determination of whether 'exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring a case by case analysis." Koon, 6 F.3d 564 (citing United States v. Herrera-Soto, 961 F.2d 645, 647

3

(7th Cir.1992) and United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991)).  The district judge, therefore, has broad discretion in the factors that she might consider when determining whether exceptional reasons for release exist.  United States v. Garcia, 340 F.3d 1013, 1018 (9th Cir. 2003)(the district court has discretion "to consider all the particular circumstances of the case before it"); DiSomma, 951 F.2d at 497 ("district judges have the full exercise of discretion in these matters").

       Mr. Schimley urges the Court to consider in its discretion his good conduct over the past few years, his cooperation with the authorities, and the personal hardships that he and his family will face as a result of his anticipated incarceration.  (Doc. 38; Transcript, pp. 34-38).  He maintains that these considerations amount to exceptional reasons why his detention is not appropriate.  In particular, he asks the Court to consider that he has been free on bond without incident since his arraignment on 23 December 2008 and that authorities chose not to detain or arrest him following the search of his residence on 7 March 2007.  (Doc. 38, pp. 4-5; Transcript, p. 35-36).  He points out that he has been cooperative with the police, the FBI, and the Court since the case began.  (Transcript, p. 35).  Furthermore, he presents what he characterizes as a "plea of compassion" to allow him to remain out on bond and to spend time with his family before sentencing.  (Transcript, p. 35).  In his brief opposing the government's motion, Mr. Schimley further notes that his daughter is to be married on 6 June 2010 and that she wishes him to attend her wedding.[2]  (Doc. 38, p. 5).  He argues that these

---

[2]     There is an unexplained discrepancy with respect to this date: at the change of plea hearing, Mr. Schimley stated that his daughter's wedding date is 19 June 2010. (Transcript, p. 37).

4

circumstances taken together amount to the sort of exceptional reasons that would justify his release under Section 3145(c).

Viewing the totality of the circumstances surrounding Mr. Schimley's case, the Court concludes that he has not shown clearly the existence of exceptional reasons that would justify his release pending sentencing. Mr. Schimley's good behavior and cooperative nature over the course of these proceedings, and the inevitable personal hardship facing him and his family, simply do not add up to the sort of "exceptional reasons" contemplated under the statute. See Garcia, 340 F.3d at 1022 ("Only in *truly unusual* circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail")(emphasis added).

First, there is nothing unusual about a defendant who, after realizing he is facing serious criminal charges, decides to remain on his best behavior. Mr. Schimley should not be rewarded simply because he wisely chose to refrain from engaging in activities that might have compromised the relative freedom he was experiencing while his case was pending.

Second, while Mr. Schimley's cooperation with the authorities surely does not go unappreciated, his decision to comply is not out of the ordinary, and the Court of Appeals of this Circuit has affirmed a district court that held likewise. See United States v. Cook, 42 Fed. Appx. 803 (6th Cir. 2002)(unpublished)(district judge did not err in holding that cooperation with the government and hardship to family and business associates did not amount to exceptional circumstances). Furthermore, while federal courts view cooperation with the government as a valid consideration, it is usually more relevant where it bears on his or her safety in prison. See Garcia, 340 F.3d 1013, 1021

5

("Although such cooperation [with the government] may result in a substantial societal benefit, it may also render the defendant exceptionally vulnerable to injury in prison"). As this is not the case here, this factor does not weigh in his favor.

Third, Mr. Schimley's desire to be with his family and his anticipated absence from his daughter's wedding are purely personal considerations that do not constitute exceptional reasons justifying release. United States v. Lippold, 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001)(collecting cases and noting that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release"). While the circumstances are unfortunate, Mr. Schimley's separation from his family is an ordinary consequence of a term of incarceration.

In sum, the facts surrounding Mr. Schimley's case do not amount individually or in combination to the sort of exceptional reasons that would justify his release pending sentencing. Accordingly, as explained from the bench, the Court must order Mr. Schimley's detention pursuant to 18 U.S.C. § 3143(a)(2).

**II. Conclusion**

For the foregoing reasons, the government's motion to detain Mr. Schimley pending sentencing is granted. Mr. Schimley is hereby ordered to self-surrender to the United States Marshals within 24 hours.

    IT IS SO ORDERED.

                                        /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: 3 May 2010